IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

FILED

MAR 17 2020

CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 20-10028 |
| | ) | |
| BOYD W. EGAN, | ) | VIO: Title 18, United States Code, |
| | ) | Sections 1344(a)(1) and 1028A(a)(1), |
| Defendant. | ) | (c)(5) |
| | ) | |

**INDICTMENT**

The Grand Jury charges:

**COUNTS 1-6**
**(Bank Fraud)**

Introduction

At all times material:

1. The defendant Boyd W. Egan resided in Chicago, Illinois.

2. A "means of identification" was any name and number that may be used, alone or in conjunction with other information, to identify a specific individual, including a name, Social Security Number, and date of birth.

3. A "financial institution" means an insured depository institution pursuant to the Federal Deposit Insurance Act, a credit union with accounts insured by the National Credit Union Share Insurance Fund, and a Federal

Reserve Bank or member bank of the Federal Reserve System.

## Scheme to Defraud

4.　　On or about the dates listed below, in the Central District of Illinois, and elsewhere, the defendant,

**BOYD W. EGAN,**

knowingly devised and executed a scheme and artifice to defraud and to obtain moneys owned by, and in the custody and control of various financial institutions, each qualifying as a federally-insured financial institution, by means of materially false and fraudulent pretenses, representations, and promises.

5.　　It was part of the scheme that EGAN obtained the personal information, banking details, and phone number of various victims using various means.

6.　　It was further part of the scheme that EGAN created and obtained a false Illinois driver's license using the victim's personal identification.

7.　　It was further part of the scheme that EGAN created and obtained a false credit card using the victim's personal identification.

8.　　It was further part of the scheme that the Illinois driver's license contained EGAN's picture and personal physical characteristics, but the victim's name, date of birth, address, and Illinois driver's license number.

9.　　It was further part of the scheme that the Illinois driver's license used

2

by EGAN showed many standard security and authentication features of genuine Illinois driver's licenses, including appearance, detailed security print, functional and accurate barcode scanning, and holographic features.

10. It was further part of the scheme that EGAN, with the fraudulent driver's license, approached the victim's mobile operator for the purpose of importing the victim's phone number to a phone within EGAN's possession.

11. It was further part of the scheme that EGAN misrepresented to and deceived the mobile carrier that he was in fact the true account holder, knowing that he was not.

12. It was further part of the scheme that the mobile operator then deactivated the victim's genuine SIM card and issued new SIM access to EGAN's phone, thus granting EGAN access to the victim's phone number and accounts.

13. It was further part of the scheme that shortly after the fraudulent "SIM swap," EGAN approached the victim's financial institution and purported to be the victim by presenting the fake Illinois driver's license.

14. It was further part of the scheme that EGAN appeared well dressed and well-spoken, often making appropriate small talk with the teller.

15. It was further part of the scheme that EGAN inquired as to account numbers and/or balances, and then withdraw cash, obtain a cashier's check, and attempt to do so.

16. It was further part of the scheme that EGAN often used the victim's home equity line of credit for the withdrawals and attempts to withdraw.

17. It was further part of the scheme that if the financial institution required a second level of authentication wherein the teller caused a text or phone call to transmit to the victim's phone number on file, EGAN could successfully complete the authentication since the victim's phone number connected to the phone in EGAN's possession via the fraudulent SIM swap.

18. It was further part of the scheme that EGAN typically arrived to the location via a vehicle with a driver that did not park in the same parking lot as the financial institution.

19. It was further part of the scheme that, in some instances, EGAN approached multiple branch locations of the same financial institution to make multiple withdrawals from the same victim's account within a short period of time of each other.

20. It was further part of the scheme that EGAN typically withdrew an amount less than $10,000.

21. As a result of the scheme and artifice to defraud, various victims and financial institutions were defrauded of over $100,000.

22. On or about the below-listed dates, in the Central District of Illinois and elsewhere, it was part of the scheme and artifice to defraud that,

**BOYD W. EGAN,**

defendant herein, did execute and attempt to execute the scheme and artifice to defraud the below-listed financial institutions as set forth below, each transaction and attempted transaction constituting a separate count:

| Count | Date | Transaction |
|---|---|---|
| 1 | 12/30/2019 | Withdrawal of $4,500 from P.M.'s account at Regions Bank, Springfield, IL |
| 2 | 12/31/2019 | Withdrawal of $4,500 from R.B.'s account at Better Banks, Morton, IL |
| 3 | 1/21/2020 | Attempted withdrawal from M.B.'s account at CEFCU, East Peoria, IL |
| 4 | 1/21/2020 | Withdrawal of $7,200 from W.B.'s account at Busey Bank, East Peoria, IL |
| 5 | 1/24/2020 | Withdrawal of $12,500 from M.M.'s account at Midwest Bank of Western Illinois, Monmouth, IL |
| 6 | 1/27/2020 | Attempted withdrawal from J.C.'s account at Commerce Bank, Pekin, IL |

All in violation of Title 18, United States Code, Section 1344(a)(1).

## COUNTS 7 - 15
## (Aggravated Identity Theft)

23. The grand jury realleges and incorporates by reference the allegations set forth in paragraphs 1 through 22 of Counts 1 through 6 as if fully set forth herein.

24. On or about the dates set forth below, in the Central District of Illinois and elsewhere, the defendant,

**BOYD W. EGAN,**

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, as set forth below, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, bank fraud as identified in Counts 1 through 6, knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Section 1028A(a)(1),

| Count | Date | Description |
|---|---|---|
| 7 | 12/30/2019 | Use of means of identification of P.M. to withdraw funds, Springfield, IL |
| 8 | 12/31/2019 | Use of means of identification of R.B. to withdraw funds, Morton, IL |
| 9 | 1/21/2019 | Use of means of identification of M.B. to attempt to withdraw funds, East Peoria, IL |
| 10 | 1/21/2020 | Use of means of identification of W.B. to withdraw funds, East Peoria, IL |

| | | |
|---|---|---|
| 11 | 1/24/2020 | Use of means of identification of M.M. to withdraw funds, Monmouth, IL |
| 12 | 1/27/2020 | Use of means of identification of J.C. to attempt to withdraw funds, Pekin, IL |
| 13 | 1/27/2020 | Possession of means of identification of M.M. |
| 14 | 1/27/2020 | Possession of means of identification of C.C. |
| 15 | 1/27/2020 | Possession of means of identification of M.B. |

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and (c)(5).

A True Bill,

s/Foreperson
Foreperson

s/Katherine G Legge

JOHN C. MILHILSER
UNITED STATES ATTORNEY

kgl